IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES A. FULLARD | : | |
| Plaintiff | : | |
| v | : | Civil Action No. CCB-05-2958 |
| THELMA C. BLACKSTON, | : | |
| ALLEN SCHWAIT, | | |
| ROLAND WALKER, | : | |
| and CASSANDRA COSTLEY | | |
| | : | |
| Defendants | | |

o0o
**MEMORANDUM**

The above-captioned civil rights action was filed on October 25, 2005. Plaintiff asserts that defendants engaged in a conspiracy against him during the course of his criminal trial. Paper No. 1. Specifically, he alleges that the trial transcript was altered. *Id*. In addition to the complaint, plaintiff has filed a motion to proceed in forma pauperis. Paper No. 2. Because he appears to be indigent, his motion shall be granted.

This court is required pursuant to 28 U.S.C. §1915A to screen prisoner complaints and dismiss any complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. In deciding whether a complaint is frivolous "[t]he district court need not look beyond the complaint's allegations . . . . It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989). Application of this standard to the instant complaint requires dismissal.

Plaintiff previously raised this claim on three occasions. In his petition for writ of habeas corpus filed in this court on September 24, 2003, plaintiff claimed in part that the trial transcript

of his guilty plea proceeding was altered so that it would appear that he agreed to plead guilty when he had not. *See Fullard v. Peguese*, Civil Action No. CCB-03-2731 (D. Md. 2003). In the decision denying habeas relief in that case, this court observed that,

> Setting aside the fact that Petitioner has presented no evidence, other than his bald allegations, that anything was altered in the transcription of the guilty plea proceedings, the claims are not subject to review by this Court. None of the allegations concerning altered transcripts were ever raised in State court in the post conviction proceeding. Furthermore, it is clear that Petitioner admitted to pleading guilty in this case both in his post conviction petition and in his habeas corpus petition filed in this Court. Because the issues were never raised and because it appears that there is no cause excusing that failure, this claim is procedurally defaulted and is not subject to review in this Court. The failure of Respondent to address these claims is inconsequential in this instance, given Petitioner's procedural default.

*Id*. at Paper No. 18 at p. 9.

Plaintiff also raised a similar claim in a civil rights action, naming Thelma Blackston, the court reporter, and James Peguese, the Warden of the Maryland House of Correction. *See Fullard v. Blackston et al.*, Civil Action No. CCB-03-2869 (D. Md. 2003). In that case, Plaintiff was directed to amend his complaint to include specific allegations regarding what was altered in the transcript. *Id*. at Papers No. 4 and 5. Because plaintiff did not comply with the order, the complaint was dismissed without prejudice. *Id*. at Paper No. 6.

Plaintiff again claimed that the transcript of his guilty plea proceeding was altered and that defendants engaged in a conspiracy to do so in an action filed in this court on August 2, 2005. *See Fullard v. Blackston, et al.*, Civil Action No. CCB-05-2114 (D. Md. 2005). As relief he sought release from incarceration. *Id.* This court dismissed the claim because the relief sought was not available to plaintiff in a civil rights action and a verdict in plaintiff's favor would require invalidation of plaintiff's conviction, a result prohibited by *Heck v. Humphrey*,

512 U. S. 477, 487 (1994).

The instant complaint raises similar claims and, in addition, appears to be an attempt to revisit the merits of plaintiff's previously dismissed petition for writ of habeas corpus.[1]  The complaint is subject to dismissal.  Claims challenging the legality of a conviction are not cognizable in a 42 U.S.C. § 1983 action unless and until the conviction is reversed, expunged, invalidated, or impugned.  Plaintiff's conviction stands; thus, his complaint as currently presented must be dismissed without prejudice.

A separate order follows.

  November 28, 2005                                        /s/
Date                                                 Catherine C. Blake
                                                      United States District Judge

---

[1] Although plaintiff states he is not challenging the validity of his conviction, he alleges that his attorneys were ineffective in their representation.  Paper No. 1 at p. 4.